TALLMAN v. MITCHELL–McDERMOTT CONST. CO.

(Bronx County Court.    May 19, 1915.)

PLEADING ⬤➙358—STRIKING FRIVOLOUS PLEADING—MATTER OF PUBLIC RECORD.

Where a complaint alleged that by order of court plaintiff was appointed guardian ad litem for one T., an infant, to prosecute the action, and that the defendant was the owner and had control of the building and premises known as 264 East 165th street, borough of the Bronx, in

⬤➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the city of New York, paragraphs of the answer denying any knowledge or information sufficient to form a belief as to such appointment, a matter of record, and denying upon information and belief the allegations as to ownership, would be stricken as frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1096–1101; Dec. Dig. ☞358.]

Action by Arthur Tallman, an infant, by Carrie E. Davis, his guardian ad litem, against the Mitchell-McDermott Construction Company. On motion to strike out parts of defendant's answer. Granted.

J. Solon Einsohn, of New York City, for plaintiff.

James B. Henney, of New York City (Henry Ginnane, of New York City, of counsel), for defendant.

GIBBS, J. This is a motion to strike out as frivolous and sham that portion of the defendant's answer, marked paragraph "Third," which reads as follows:

"Denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in subdivision thereof numbered 'First.' "

And also the second paragraph of the answer which reads:

"Denies upon information and belief each and every of the allegations contained in the subdivision thereof numbered 'Third.' "

The plaintiff's complaint, paragraph "First," alleges that by order of this court, dated March 12, 1915, plaintiff was appointed guardian ad litem for Arthur Tallman, an infant, to prosecute this action. Paragraph "Third" alleges:

"That the defendant at all the times hereinafter mentioned was the owner and had control of the building and premises known as 264 East 165th street, borough of the Bronx, county of Bronx, in the city of New York."

The defendant, therefore, by its "Third" paragraph denies that it has any knowledge or information sufficient to form a belief as to a matter of public record, which is clearly frivolous, as the means of information were within the control of the defendant and easily to be ascertained by an examination of the records of this court. Dahlstrom v. Gemunder, 198 N. Y. at page 454, 92 N. E. at page 108. It seems to me that no good or proper purpose is served by a pleading which denies information which is of record and open for inspection. As said by Judge Hiscock in the above case in a somewhat similar situation:

"A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head and close his eyes and ears for the purpose of avoiding knowledge and information, and of enabling him to make a denial thereof."

As to the "Second" paragraph of the defendant's answer, the mere contrast of this paragraph with the plaintiff's paragraph marked "Third," which alleges the defendant's control and ownership of the premises in question, is sufficiently demonstrative of the fact that it is frivolous. Property in the Bronx has not as yet become such a cheap and worthless commodity that a person exercising ownership of a

tenement house is unable to say specifically whether he owns and controls the property or not. The mere stating of the proposition, without argument, shows incontrovertibly the frivolous nature of this paragraph. Good pleading is a most important branch of the science of the law, constituting the written statement by parties of the facts setting forth their respective claims and defenses, or the written allegations of what is affirmed on the one side or denied on the other, and should be used as an instrumentality in the direction of aiding the court and the jury to determine clearly and promptly what are the respective claims of the parties involved in the litigation, and should be properly and legally so drawn as to be an aid and not a hindrance in the matter of determining issues.

The motion to strike out paragraphs "Second" and "Third" is therefore granted, with $10 costs.